KUMBERGER & VREELAND v. HARTFORD.

(Supreme Court, Appellate Term. June 27, 1907.)

SALES—BREACH OF WARRANTY—EVIDENCE—SUFFICIENCY.
    In an action for services rendered and materials furnished in the removal of a gas engine, altering the same into a gasoline engine, and installing it upon other premises, wherein the defense was a breach of guaranty, a judgment for defendant *held* to be against the weight of evidence.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Kumberger & Vreeland against Edward V. Hartford. From a judgment for defendant, plaintiffs appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and PLATZEK, JJ.

John H. Taylor, for appellants.
Griggs, Baldwin & Pierce, for respondent.

PER CURIAM. The action is for services and materials in the removal of a gas engine from the premises of the Hartford Suspension Company, 390 Hudson street, altering the same into a gasoline engine, and installing the same in the residence of defendant at Deal Beach. The defense is a breach of guaranty, and defendant alleges that plaintiff guarantied that the engine would furnish 16 candle power lights, would not vary more than 5 per cent. in regularity of running, and that it was agreed that the plaintiff should receive no pay until the said engine was installed, worked as guarantied, and ran in a satisfactory manner in every respect; and the defendant further claims that after the engine had been so transferred, shipped to Deal Beach, installed in defendant's residence, and set to going, it would not work, would not furnish light, and was of no value whatever, and that payment, therefore, never came due "because of the nonperformance of the contract and of said guaranty on the part of the plaintiff." It is defendant's claim that plaintiff knew the specific purpose for which the engine was intended by defendant, but did not make it suitable for such purpose, so that it became of no value. The justice gave judgment for defendant. Plaintiff appeals.

It appears clearly established by the evidence that, some months after the work had been performed by plaintiff and the engine installed in defendant's house, the defendant, with full knowledge of the alleged defects, promised in writing to pay for it. Moreover, the evidence seems to indicate that the alleged imperfect operation was not so much due to defects in the engine as to the defendant's method of running it. Defendant never tried to get any one else to fix the engine, nor sought to learn if the alleged defects could be remedied, nor gave plaintiff an opportunity to remove them. The judgment is against the weight of evidence, and should be reversed.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event.